Opinion for the court filed by Circuit Judge REYNA.
Dissenting opinion filed by Circuit Judge WALLACH.
REYNA, Circuit Judge.
Jack Sucic, a veteran, seeks an early effective date for a grant of service-connected disability compensation. The U.S. Court of Appeals for Veterans Claims determined that the Board of Veterans’ Appeals did not err in denying Mr. Sucic’s request for an earlier effective date. For the reasons set forth below, we reverse the determination of the U.S. Court of Appeals for Veterans Claims and remand for further proceedings.
Background
Mr. Sucic served honorably in the United States Marine Corps from July 1973 to October 1984. In June 1992, Mr. Sucic filed a claim for a nervous condition and post-traumatic stress disorder (“PTSD”). The Department of Veterans Affairs’ (“VA”) regional office denied the PTSD claim in December 1992. J.A. 14-15. Three months later, in March 1993, Mr. Sucic submitted a statement via VA Form 21-4138, informing the VA that he had been receiving treatment for an ongoing nervous condition since March 1985. J.A. 16. In that submission, Mr. Sucic noted that he had received treatment at a VA medical center in Columbia, Missouri. Mr. Sucic did not formally appeal the regional office’s 1992 decision on his PTSD condition, and that decision became final in December 1993.
Subsequent to December 1993, Mr. Su-cic obtained the assistance of a non-attorney veterans support group and appealed a regional office decision concerning several claims for compensation that were unrelated to his PTSD claim. In the appeal, Mr. Sucic also raised the PTSD service connection issue. In a July 1995 decision, the Board of Veterans’ Appeals (the “Board”) referred the PTSD issue to the regional office for “appropriate action.”
The veteran has further contended that service connection is warranted for post-traumatic stress disorder (PTSD). Service connection for this disability was denied in a December 1992 rating action with notice in January 1993 and no disagreement received thereafter. Such issue was not-developed for appellate review and no action by the Board is warranted. It is referred to the Department of Veterans Affairs (VA) Regional Office (RO) for appropriate action.
J.A. 18-22 (emphases added). The Board also instructed two specific tasks to the regional office: obtain copies of the treatment records from the medical center in Columbia, Missouri, and afford Mr. Sucic an opportunity to receive a surgical exam *903 for a non-combat shrapnel wound.[1] The Board informed Mr. Sucic that “[n]o action is required of the veteran or his representative until they receive further notice.” J.A. 20-21. The regional office, however, took no further action on the referral of the PTSD claim, and Mr. Sucic did not receive notice or otherwise hear from the regional office about the referral.
In January 2003, Mr. Sucic filed another statement in support of his PTSD claim. After reviewing the statement, the VA considered the claim reopened with new evidence. In 2008, the VA awarded Mr. Sucic a disability rating of 100% for his PTSD with an effective date of January 2003. J.A.3.
In 2008, Mr. Sucic filed a claim for an earlier effective date for his PTSD disability, which resulted in appeals before the Board and the U.S. Court of Appeals for Veterans Claims (the “Veterans Court”). In the appeal before the Veterans Court, Mr. Sucic and the government filed a joint motion to remand on grounds that the Board had failed to adequately address whether the PTSD claim was left pending by the 1995 referral. J.A. 3.
On remand, Mr. Sucic argued that the effective date for his PSTD disability should be 1992 because his statement submitted on VA Form 21-4138 in March 1993 triggered his first 1992 claim for a PTSD disability. Mr. Sucic also argued that the Board’s 1995 referral recognized the significance of his March 1993 submission. The Board rejected those arguments:
The Board has reviewed the record but finds no document during the intervening period between the final December 1992 [regional office] decision and the date the [regional office] received the Veteran’s petition to reopen his claim on January 24, 2003, which could be construed as either an informal or formal claim for service connection for PTSD or any other diagnosed psychiatric disorder,
J.A. 78. The Board concluded that the reference to PTSD in its 1995 referral was “misplaced” and that the regional office had “reviewed the issue, determined that there was no claim and, therefore, had no action to take.” J.A. 76.
On September 5, 2012, the Board issued its remand determination and denied Mr. Sucic’s entitlement to an earlier effective date on grounds that he failed to submit evidence of PTSD within the appeal period subsequent to the regional office’s 1992 decision. J.A. 66-81.
Mr. Sucic appealed the Board’s remand determination to the Veterans Court on January 16, 2013. J.A. 1-5. On appeal, Mr. Sucic argued that a referral by the Board necessarily meant that he had submitted a proper claim in 1995, and that the VA’s inaction on his pending claim amounted to a procedural error. Mr. Sucic asserted that because the VA committed procedural error, his claim is not final and is not adjudicated until the VA corrects the procedural error. AG v. Peake, 536 F.3d 1306, 1311 (Fed.Cir.2008). The Veterans Court disagreed, finding that because Mr. Sucic had not submitted new or material evidence before 2003, the Board’s decision was final and there was no claim pending. The Veterans Court also determined that under 38 C.F.R. § 19.9 (1995), the regional *904 office was not required to adjudicate the Board’s referral because that section governed “remands” and not referrals.
Mr. Sucic appeals. We have jurisdiction under 38 U.S.C. §§ 7292(a), (c).
Standard op Review
Our standard of review in this case is limited. We review de novo legal determinations by the Veterans Court. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed.Cir. 1991). We have jurisdiction over all relevant questions of law, including interpretations of constitutional and statutory authority. 38 U.S.C. § 7292(d)(1). We set aside any decision by the Veterans Court that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. Id. Except as to constitutional issues, we cannot review challenges to a factual determination or challenges to a law or regulation as applied to the facts of a particular case. Id. § 7292(d)(2).
Discussion
On appeal, Mr. Sucic argues that the referral by the Board obligated the VA to extend Mr. Sucic certain procedural safeguards, including a duty to investigate the claim, review evidence, and make a determination on the claim. See 38 C.F.R. § 19.9 (1995). Mr. Sucic argues that the regional office’s inaction following the referral amounted to procedural error because no action was taken and his claim was left pending with no adjudication. Finally, Mr. Sucic argues that the VA’s instruction for him not to take any action until he heard back from the VA prevented him until 2003 from submitting any additional evidence in support of an earlier effective date, and is further indication of an open, pending claim.
The government concedes that the regional office did not review or consider Mr. Sucic’s referred PTSD claim until January 2003. The government asserts that the regional office took no action because there was no evidence in the record of a pending PTSD claim.
The government argues that Mr. Sucic confuses the duties assumed by the VA pursuant to a “remand,” as opposed to a “referral,” by the Board. The government asserts that 38 C.F.R. § 19.9 (1995) applies to remands only and not referrals. As such, the regulation requires the Board to specify the action to be taken by the re-, gional office on remand, but it is silent as to any procedural safeguards under referrals.
We hold that, the VA committed procedural error by failing to take action on the claim that was referred to it by the Board. The failure denied Mr. Sucic an opportunity to develop the record, and the failure left pending and un-adjudicated his claim for an earlier effective date.
We find persuasive Mr. Sucic’s arguments that the referral by the Board raised procedural safeguards that the VA failed to implement. In 2011, the VA amended § 19.9, leaving the provision on remands materially the same, while adding a new subsection for referrals:
Referral. The Board shall refer to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction, except for claims over which the Board has original jurisdiction.
38 C.F.R. § 19.9(b) (2011) (emphasis added). The plain language of the new regu *905 lation recognizes that a referral is made to address pending un-adjudicated claims and requires the Board to direct the regional office to give the claim “appropriate con-sidération,” without specifying the action to take.
The government is correct that § 19.9(b) did not exist in 1995 when the referral was made. During the notice-and-comment process leading to the adoption of § 19.9(b), the VA indicated in the Federal Register that the rationale for providing a new separate subsection for referrals was to codify the Board’s pre-2011 practice concerning referrals:
We proposed to amend 38 C.F.R. § 19.9(b) to articulate the Board’s practice of referring to the AOJ for appropriate action unadjudicated claims that have been reasonably raised by the record, except for claims over which the Board has original jurisdiction.... The final rule we are adopting by this rule-making merely codifies the Board’s referral practice in regulation.
76 Fed.Reg. 17,545 (Mar. 30, 2011).
In view of the foregoing, the VA is incorrect that the 1995 referral required no action and that its failure to review the referred claim was not procedural error. Prior to 2011, 38 C.F.R. § 19.9 (1995) spoke to “remands,” but not “referrals,” and it required the Board to dictate the exact action for the regional office to take on remand. 38 C.F.R. § 19.9 (1995). The regulation was amended to codify the Board’s practice as to referrals, which were made with no explicit statement of action to be taken because the matter was considered pending and the precise action necessary to adjudicate the pending claim was a first instance decision by the agency.
The VA’s pre-2011 practice concerning referrals is also reflected in the decisions of the Veterans Court. The Veterans Court has concluded that a referred claim is the recognition of an un-adjudicated claim requiring initial adjudication by the regional office before the Board has jurisdiction. Godfrey v. Brown, 7 Vet.App. 398, 409 (Vet.App.1995) (recognizing the need for a regional office to adjudicate a pending claim later referred to it). According to the Veterans Court, and as we have recognized, unlike remands, referrals do not provide specific instructions to the regional office because the regional office must take action to adjudicate the claim before it can be properly reviewed by the Board. See, e.g., Brown v. West, 203 F.3d 1378, 1380 (Fed.Cir.2000) (describing the affirmative actions taken by a regional office after receiving a 1991 referral for “appropriate consideration” of a claim).
The government argues that Mr. Sucic was required to submit a formal claim in writing in order for a pending claim for adjudication to exist. This is not correct. As we explained in Reeves, and as reflected in the regulations in effect in 1995, “any communication” can qualify as an informal claim. Reeves v. Shinseki, 682 F.3d 988, 993 (Fed.Cir.2012) (citing Rodriguez v. West, 189 F.3d 1351, 1353 (Fed.Cir. 1999)). A writing need only demonstrate intent to apply for benefits and identify the particular benefits sought. Id. As the VA concedes, the record does not reflect what occurred in the 1995 hearing, apart from the Board’s recognition of Mr. Sucic’s arguments for an earlier effective date for PTSD compensation and the Board’s resulting referral for “appropriate action” on that claim. That Mr. Sucic did not submit any evidence subsequent to that hearing is justifiable given the Board’s notice to him not to take any further action on his pending claim.
Veterans and other claimants are entitled to due process during VA proceedings. Sprinkle v. Shinseki, 733 F.3d 1180, 1185 (Fed.Cir.2013) (citation omitted). A claim *906 for benefits remains pending until the claim is finally adjudicated. 38 C.F.R. § 3.160(c). A claim is considered pending if the VA fails to notify the claimant of the denial of the claim or of the right to appeal an adverse decision. Adams v. Shinseki 568 F.3d 956, 960 (Fed.Cir.2009) (citing Cook v. Principi 318 F.3d 1334, 1340 (Fed.Cir.2002) (en banc)). “If a claim is left pending without a final adjudication, the claim may be addressed when a subsequent claim is adjudicated by the VA, in which case the effective date for any resulting award of benefits will be the effective date applicable to the -earlier claim.” Jones v. Shinseki 619 F.3d 1368, 1371 (Fed.Cir.2010) (citing Adams, 568 F.3d at 960; Myers v. Principi 16 Vet.App. 228, 236 (2002)).
We reverse the Veterans Court’s decision denying Mr. Sucic’s claim for an earlier effective date for his PTSD disability compensation and remand for further findings and determinations on the effective date for his PTSD claim.
REVERSED AND REMANDED
Costs
Costs to Mr. Sucic.

. As directed by the Board, the regional office obtained a VA hospital discharge summary from the medical center in Columbia, Missouri, showing that Mr. Sucic had been hospitalized from March to April 1993 for diagnoses involving alcohol and cannabis abuse, with no other psychiatric disorder identified. J.A. 68-69, 73. The VA made no specific factfinding concerning the discharge summary in connection with Mr. Sucic's PTSD disability claim.