# United States Court of Appeals for the Federal Circuit

---

**JACK SUCIC,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1486

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-158, Judge Mary J. Schoelen, Judge Coral Wong Pietsch, Judge William S. Greenberg.

---

Decided: April 23, 2019

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, JOSEPH H. HUNT; AMANDA BLACKMON, BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* REYNA and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

The adult children of deceased veteran Jack Sucic appeal the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying their motion for substitution. *Sucic v. Shulkin*, 29 Vet. App. 121 (2017). Because the Veterans Court did not err in determining that Mr. Sucic's non-dependent, adult children do not qualify as accrued benefits beneficiaries under 38 U.S.C. § 5121(a), we affirm the Veterans Court's denial of their motion for substitution.

I

Mr. Sucic served on active duty from July 1973 to August 1979 and from December 1982 to October 1984. J.A. 17. In June 2007, he was granted service connection for post-traumatic stress disorder ("PTSD"), effective January 24, 2003. *Id.* In June 2008, Mr. Sucic filed a notice of disagreement, requesting an earlier effective date of June 30, 1992. J.A. 23–26. The Board of Veterans' Appeals ("Board") denied Mr. Sucic's claim for an earlier effective date. J.A. 30, 39–40. The Veterans Court affirmed the Board's decision. *Sucic v. Gibson*, No. 13-0158, 2014 WL 2926475, at *4 (Vet. App. June 30, 2014), *rev'd and remanded, Sucic v. McDonald*, 640 F. App'x 901 (Fed. Cir. 2016). Mr. Sucic appealed to the Federal Circuit, and in February 2016, we reversed the Veterans Court's denial of an earlier effective date and remanded for further development and determination of the effective date. *Sucic v. McDonald*, 640 F. App'x 901, 906 (Fed. Cir. 2016). On April 8, 2016, our mandate issued.

The Veterans Court effectuated our ruling by vacating the Board's decision and remanding Mr. Sucic's case to the U.S. Department of Veterans Affairs ("VA") for further development and determination of the effective date. *Sucic v. McDonald*, No. 13-0158, 2016 WL 3035459, at \*2 (Vet. App. May 27, 2016), *withdrawn, Sucic v. Shulkin*, 29 Vet. App. 121 (2017). The Veterans Court entered judgment on June 20, 2016 and issued its mandate on August 22, 2016.

On April 13, 2016, Mr. Sucic died. J.A. 43–46. His death occurred five days after our mandate issued but before the Veterans Court vacated the Board's decision and remanded the case to the VA. Mr. Sucic's counsel did not notify the Veterans Court of Mr. Sucic's death until several months later, on August 31, 2016, shortly after the Veterans Court issued its mandate. *See id.* On the same day, Mr. Sucic's counsel filed an unopposed motion to recall the Veterans Court's judgment and remand decision, J.A. 47–49, and a motion to substitute Mr. Sucic's three adult children as claimants, J.A. 50–53.

The Veterans Court considered whether Mr. Sucic's three adult children were eligible accrued benefits beneficiaries under 38 U.S.C. § 5121(a) and therefore qualified for substitution. *Sucic*, 29 Vet. App. at 122. The Veterans Court interpreted the term "[t]he veteran's children" in § 5121(a)(2)(B) and determined that Mr. Sucic's adult children were not eligible accrued benefits beneficiaries. *Id.* at 125–27. The Veterans Court therefore denied the motion for substitution and dismissed the case. *Id.* at 127.

Mr. Sucic's three adult children appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a) and (c).

## II

We first provide an overview of the statutory provisions at issue in this appeal.

Substitution in VA proceedings is governed by 38 U.S.C. § 5121A. Section 5121A provides that if the

claimant dies, living people eligible to receive accrued benefits under § 5121(a) may be substituted as the claimant(s):

> If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, *a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may,* not later than one year after the date of the death of such claimant, *file a request to be substituted as the claimant* for the purposes of processing the claim to completion.

38 U.S.C. § 5121A(a)(1) (emphases added).

The statute governing accrued benefits is 38 U.S.C. § 5121. Accrued benefits are "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at [the] date of death . . . and [that are] due and unpaid." *Id.* § 5121(a). Section 5121(a)(2) provides the order of eligibility of claimants to receive accrued benefits upon the death of a veteran:

> (2) Upon the death of a veteran, to the living person first listed below:
>
> > (A) The veteran's spouse.
> >
> > (B) *The veteran's children* (in equal shares).
> >
> > (C) The veteran's dependent parents (in equal shares).

*Id.* § 5121(a)(2) (emphasis added).

Congress also enacted a definitions section for Title 38. *Id.* § 101. Section 101 defines "child" as follows:

> (4)(A) The term "child" means (except for purposes of chapter 19 of this title (other than with respect to a child who is an insurable dependent under subparagraph (B) or (C) of section 1965(10) of such

chapter) and section 8502(b) of this title) a person who is unmarried and—

(i) who is under the age of eighteen years;

(ii) who, before attaining the age of eighteen years, became permanently incapable of self-support; or

(iii) who, after attaining the age of eighteen years and until completion of education or training (but not after attaining the age of twenty-three years), is pursuing a course of instruction at an approved educational institution;

. . . .

*Id.* § 101(4)(A).

## III

We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We review the Veterans Court's statutory interpretation de novo. *Cook v. Wilkie*, 908 F.3d 813, 817 (Fed. Cir. 2018).

"In statutory construction, we begin 'with the language of the statute.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002)). Our "first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Barnhart*, 534 U.S. at 450 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *FDA*

*v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). Our inquiry ceases "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Barnhart*, 534 U.S. at 450 (quoting *Robinson*, 519 U.S. at 340)).

IV

The issue before us is whether the Veterans Court erred in denying Mr. Sucic's children's motion to substitute by determining that they did not qualify as accrued benefits beneficiaries under 38 U.S.C. § 5121(a)(2)(B) as "[t]he veteran's children" because they were non-dependent adults.

Mr. Sucic's adult children argue that "[t]he veteran's children" includes non-dependent, adult children, while the Secretary of Veterans' Affairs ("Secretary") argues that "[t]he veteran's children" excludes non-dependent, adult children. While the parties argue for opposing interpretations of "[t]he veteran's children," they both contend that the statute is clear and unambiguous in favor of their interpretation. *See* Appellant's Br. 8; Appellee's Br. 14.

We agree with the Secretary that the term "[t]he veteran's children" used in § 5121(a)(2)(B) clearly and unambiguously excludes Mr. Sucic's non-dependent, adult children.

Congress specifically defined "child" as "a person who is unmarried" and, among other things, who is "under the age of eighteen years," or who "became permanently incapable of self-support" before turning eighteen, or who is "pursuing a course of instruction at an approved educational institution" and is eighteen to twenty-three years old. 38 U.S.C. § 101(4)(A). The definition of "child" in § 101 applies throughout Title 38 with limited exceptions not applicable here. *See* 38 U.S.C. § 101 (defining "child" "[f]or the purposes of this title [38]"); *id.* § 101(4)(A) (stating that

the definition of "child" does not apply to chapter 19 of Title 38 (excluding subparagraph (B) or (C) of section 1965(10)) and section 8502(b) of Title 38). The definition of "child" in § 101(4)(A) thus applies to § 5121.

Mr. Sucic's adult children do not argue that they satisfy the definition of "child" under § 101(4)(A). Instead, they make several arguments that the term "[t]he veteran's children" in § 5121(a)(2)(B) should not be interpreted using the definition of "child" in § 101(4)(A). We address each argument in turn.

First, Mr. Sucic's adult children argue that the plain and ordinary meaning of "[t]he veteran's children" in § 5121(a)(2)(B) does not contain any limitations on the age or dependence of the children and should therefore include non-dependent, adult children, despite the definition of "child" in § 101(4)(A). Appellant's Br. 3–4, 8–9; Reply Br. 2–3, 8–10. However, "'[w]hen a statute includes an explicit definition, we must follow that definition,' even if it varies from a term's ordinary meaning." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 776 (2018) (quoting *Burgess v. United States*, 553 U.S. 124, 130 (2008)). Here, there is nothing about the use of the word "children" in the phrase "[t]he veteran's children" in § 5121(a)(2)(B) that would cause "child" to lose its defined meaning from § 101(4)(A).[1]

---

[1]    Although § 101(4)(A) defines "child" in the singular and § 5121(a)(2)(B) refers to "children" in the plural, the definition of "child" applies equally when used in the plural. *See* 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise— words importing the singular include and apply to several persons, parties, or things."); *Carrow v. Merit Sys. Prot. Bd.*, 564 F.3d 1359, 1365–66 (Fed. Cir. 2009) (declining "to depart from the default rule of statutory construction that words importing the singular include the plural meaning"

Mr. Sucic's adult children also argue that Congress specifically limited the third group of eligible accrued benefits beneficiaries—"[t]he veteran's dependent parents"— in § 5121(a)(2)(C) to dependent parents but did not similarly limit "[t]he veteran's children" in § 5121(a)(2)(B) to dependent children. Appellant's Br. 3–4, 9, 17–22; Reply Br. 6, 12–14. However, the definition of "child" from § 101(4)(A) is already limited to minor or otherwise dependent children. *See* 38 U.S.C. § 101(4)(A). It therefore would have been redundant for Congress to include the word "dependent" to modify "[t]he veteran's children" in § 5121(a)(2)(B). *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 574 (1995) (noting the "sensible rule[] of statutory construction" to "avoid a reading which renders some words altogether redundant"). Meanwhile, the definition of "parent" in § 101(5) is not already limited to dependent parents:

> (5) The term "parent" means (except for purposes of chapter 19 of this title) a father, a mother, a father through adoption, a mother through adoption, or an individual who for a period of not less than one year stood in the relationship of a parent to a veteran at any time before the veteran's entry into active military, naval, or air service or if two persons stood in the relationship of a father or a mother for one year or more, the person who last stood in the relationship of father or mother before the veteran's last entry into active military, naval, or air service.

38 U.S.C. § 101(5). Because the definition of "parent" in § 101(5) is not already limited to dependent parents, Congress necessarily included the "dependent" modifier in "[t]he veteran's dependent parents" in § 5121(a)(2)(C) to limit eligibility to dependent parents. That Congress chose

---

when "[t]he context of the statutory term . . . does not suggest any reason" to do so).

to limit eligibility to only dependent parents does not undermine, but instead supports, our conclusion that the children who qualify under § 5121(a)(2)(B) are dependent children as defined in § 101(4)(A).

Mr. Sucic's adult children also argue that interpreting "[t]he veteran's children" to exclude non-dependent, adult children would lead to "an absurd result" when read in conjunction with the statutory directive for "[t]he veteran's children" to receive the accrued benefits "in equal shares." *See* Appellant's Br. 13; 38 U.S.C. § 5121(a)(2)(B). They provide an example of a veteran with four children, two of whom are minors and two of whom are adults. *See* Appellant's Br. 13. Upon the veteran's death, if there was no surviving spouse, the two minor children would share the accrued benefits equally and the two adult children would receive nothing—a result Mr. Sucic's children contend would be absurd. *See id.* But there is nothing inherently absurd about a result that provides benefits to minor, dependent children but not adult, non-dependent children.

Finally, Mr. Sucic's adult children argue that the Veterans' Benefits Improvement Act of 2008, codified at 38 U.S.C. § 5121A, "fundamentally changed the accrued benefits framework." Appellant's Br. 15–17; *see also* Reply Br. 14–16. However, Mr. Sucic's adult children cite no supporting evidence, and we find none, of such congressional intent to persuade us that § 5121A changed the definition of "child" in § 101(4)(A), its applicability to § 5121, or the listing of eligible accrued benefits beneficiaries set forth in § 5121(a)(2). *See* Appellant's Br. 15−17. Although we acknowledge that the 2008 Act allowed the substitution of accrued benefits beneficiaries into the proceedings of the deceased veteran from whom their claims are derived, the 2008 Act did not change which individuals are eligible in the first place, as defined in 38 U.S.C. § 5121(a)(2). *See Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs,* 809 F.3d 1359, 1361 (Fed. Cir. 2016) ("Those eligible to substitute for the deceased claimant are the same

individuals who would be eligible to pursue an accrued benefits claim." (citing 38 U.S.C. §§ 5121A, 5121(a)(2))). "Because the status of a potential substitute is not static, eligibility to substitute can be conclusively determined only at the time of the claimant's death," *id.* at 1362, and the Board and the Veterans Court properly assessed this status at the time of Mr. Sucic's death.

We have considered Mr. Sucic's adult children's remaining arguments and find them unpersuasive.

We hold that the term "[t]he veteran's children" in § 5121(a)(2)(B) is clearly and unambiguously governed by the definition of "child" in § 101(4)(A) and that Mr. Sucic's non-dependent, adult children are not eligible accrued benefits beneficiaries as "[t]he veteran's children."

Because we find the statute unambiguous, we do not reach the issue of deference due to the VA's interpretation of "[t]he veteran's children." *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). And because the statute is unambiguous, we also do not consider whether the canon of construction urged by Mr. Sucic's children that ambiguities in provisions for veterans' benefits "are to be construed in the beneficiaries' favor" applies here. *See King v. St. Vincent's Hosp.*, 502 U.S. 215, 220 n.9 (1991); Appellant's Br. 27–28; Reply Br. 17–20.

## V

We affirm the decision of the Veterans Court denying Mr. Sucic's adult children's motion for substitution because they are not eligible accrued benefits beneficiaries under 38 U.S.C. § 5121(a)(2)(B) as "[t]he veteran's children" as properly construed.

**AFFIRMED**