NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**DANIEL ROSARIO GONZALEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2023-1347

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8056, Senior Judge Frank Q. Nebeker.

———————————

Decided:  February 9, 2024

———————————

DANIEL ROSARIO GONZALEZ, Sabana Seca, PR, pro se.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

———————————

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Daniel Rosario Gonzalez appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a Board of Veterans' Appeals ("the Board") decision that denied Gonzalez's claim for dependency and indemnity compensation ("DIC") benefits. *Gonzalez v. McDonough*, No. 20-8056, 2022 WL 17336496 (Vet. App. Nov. 30, 2022) ("*Decision*"). For the reasons detailed below, we *dismiss* Gonzalez's appeal for lack of jurisdiction.

## BACKGROUND

Gonzalez's father served on active duty in the U.S. Army from January 1951 to November 1971. *Decision* at \*1. After his father passed away, Gonzalez applied for DIC benefits in 2010 at the age of 45. *Id*.; SAppx. 13.[1] The Veterans Affairs regional office ("RO") denied Gonzalez's claim, as it determined that he was not entitled to DIC benefits because he did not become permanently incapable of self-support prior to reaching the age of 18. *Id*. at \*2. Gonzalez timely appealed to the Board, presenting evidence of multiple physical and mental disabilities. *Id*.

In September 2014, the Board issued an initial decision finding that Gonzalez was ineligible for DIC benefits. *Id*. Gonzalez appealed that decision to the Veterans Court, which remanded the claim for additional evidentiary development. *Id*. In November 2020, after additional Board remands to the RO to further develop the evidence, the Board again denied Gonzalez's claim for DIC benefits. *Id*. Once more, Gonzalez appealed the Board's determination to the

---

[1]   "SAppx." refers to the supplemental appendix that the government filed in this court with its informal response brief.

Veterans Court, and the court subsequently affirmed the Board's decision. *Id.* at \*5. This appeal follows.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. 38 U.S.C. § 7292(d)(2).

In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We shall set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we conclude is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* We review questions of statutory and regulatory interpretation *de novo*. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) (citing *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000)).

Relevant here, DIC benefits are payable monthly to certain survivors of a veteran who died due to a service-connected disability. 38 U.S.C. § 1310. If there is no surviving spouse of the deceased veteran that is entitled to DIC benefits, the benefits are instead available for certain children of the veteran. 38 U.S.C. § 1313. And pursuant to its statutory definition, a "child" may include an unmarried person who became permanently incapable of self-support before attaining the age of 18. 38 U.S.C.

§ 101(4)(A)(ii); *see also Sucic v. Wilkie*, 921 F.3d 1095, 1098–99, 1101 (Fed. Cir. 2019).

Although Gonzalez was 45 years of age at the time he initially filed a claim for DIC benefits in 2010, he pursued his claim based on an alleged status of becoming permanently incapable of self-support prior to turning 18 available under 38 U.S.C. § 101(4)(A)(ii). SAppx. 13. Accordingly, Gonzalez presented the Board with evidence regarding his various mental and physical disabilities, as well as other evidence concerning his capability for self-support including testimony regarding his caregiving role for his late father. SAppx. 17–23. The Board found that the "evidence shows that [Gonzalez] was supporting himself as well as [his father] for an extended time, including through decision-making that would require sound mental capacity as well as caregiver responsibilities that would require a reasonable amount of physical capability." SAppx. 21. The Veterans Court affirmed the Board's finding, as it held that there was no clear error in how the Board weighed the evidence or a deficiency in its statement of reasons or bases. *Decision* at \*4.

In this appeal, Gonzalez primarily disputes the determination that he was supporting himself as well as his father for an extended period of time. Specifically, Gonzalez contends that the Board and the Veterans Court ignored record evidence that his father was receiving a monthly income of $4,208.00 in veterans and social security benefits, which Gonzalez alleges was used to pay caregivers and cover expenses for both his father and himself. Appellant's Br. at 5–9. Gonzalez argues that the Board disregarded such evidence and, instead, fabricated an unsupported scenario in which he was supporting himself as well as his father.

However, Gonzalez is incorrect in asserting that the Board ignored evidence of his father's monthly income from veterans and social security benefits. The Board explicitly

discussed that evidence and Gonzalez's accompanying argument in its decision, stating that Gonzalez "further asserted that he did not support himself or the Veteran and, instead, they used the Veteran's military pension and VA disability benefits to pay caregivers and cover expenses." SAppx. 20.  The Board then weighed that evidence against witness testimony that demonstrated Gonzalez acted as his father's caregiver before his death and concluded that Gonzalez's "activities as caregiver and surrogate or legal guardian for the Veteran who was 100 percent disabled would be consistent with being able to support himself despite physical and mental defects, and his unemployment prior to age 18 or afterwards was not due to such defects."  SAppx. 21.

The Veterans Court arrived at the same conclusion, holding that "contrary to Mr. Gonzalez's assertions, the Board addressed the evidence that he contends the Board overlooked." *Decision* at *3–4.  The court explicitly cited the Board's discussion of Gonzalez's father's monthly income and Gonzalez's role as caregiver, and it declined to reweigh that evidence on appeal.  *Id.*

Accordingly, Gonzalez's primary contentions in this appeal are challenges to factual determinations regarding his capacity for self-support or challenges to DIC eligibility law as applied to the facts of his case.

However, Gonzalez also facially asserts that the Veterans Court violated his constitutional right to due process by failing to apply the "reasonable doubt" (or "benefit-of-the-doubt") doctrine.  Appellant's Br. at 3; Appellant's Reply Br. at 9–10.  Gonzalez provides no further explanation or support for that contention.  Even if that argument was to rise above the level of conclusory, the Board's assessment of reasonable doubt in this case is also an application of law to the facts of this case.  The Veterans Court noted that the Board's determination of reasonable doubt was properly based on an examination of the evidence regarding Gonzalez's capability for self-support, thus involving

the weighing of factual evidence. *Decision* at \*4. Gonzalez's "due process" arguments are therefore constitutional in name only, and do not provide this court with a basis for finding jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The appellant's] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Gonzalez thus has not raised any issue "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Accordingly, we do not possess jurisdiction to decide this appeal.

## CONCLUSION

We have considered Gonzalez's remaining arguments, but we find them unpersuasive. For the foregoing reasons, we *dismiss* his appeal for lack of jurisdiction.

### **DISMISSED**

### COSTS

No costs.