NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARRY L. CRAWFORD,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1075

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-3314, Senior Judge Mary J. Schoelen.

---

Decided:  June 16, 2025

---

JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA, argued for claimant-appellant.

ERIC P. BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by GALINA I. FOMENKOVA, PATRICIA M. MCCARTHY, YAAKOV ROTH; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

MOORE, *Chief Judge*.

Garry L. Crawford appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) denying his claim for service connection. For the reasons below, we *vacate-in-part*, *dismiss-in-part*, and *remand*.

## BACKGROUND

Mr. Crawford served in the U.S. Navy from 1967 to 1973, including service aboard the USS Hancock from August 1969 to July 1970 and the USS Ranger from October 1970 to June 1971. J.A. 5–6; J.A. 63. In 2011, he filed a service connection claim for ischemic heart disease, erectile dysfunction, prostate condition, skin disorder, and peripheral neuropathy of the bilateral upper and lower extremities due to exposure to herbicides, such as Agent Orange. J.A. 2, 5. Mr. Crawford alleged he was entitled to a presumption of service connection because he flew to Da Nang, Vietnam via helicopter sometime between 1968 and 1970, and the USS Hancock crossed into Vietnam's territorial sea on September 6, 1969. J.A. 35; J.A. 110.

The Department of Veterans Affairs (VA) regional office (RO) denied service connection because it found no records of helicopters going ashore from the USS Ranger or USS Hancock, and based on official logbooks, neither ship entered Vietnam's territorial sea. J.A. 50–65. Mr. Crawford appealed to the Board, which denied the claim. J.A. 23–28. Mr. Crawford then appealed to the Veterans Court,

which affirmed the Board's denial.  J.A. 2–12.  Mr. Crawford timely appeals.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute.  *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017).  We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a).  Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

## I.

Mr. Crawford argues the Board legally erred by applying the wrong standard for presumption of service connection for conditions due to herbicide exposure.  Appellant's Br. 30–34.  Specifically, Mr. Crawford argues the Board applied a 12 nautical miles from shoreline standard rather than the 12 nautical miles from baseline standard under 38 U.S.C. § 1116A(d).  The Veterans Court concluded the Board applied the standard under 38 U.S.C. § 1116A(d) in determining the area where exposure can be presumed and affirmed the Board's decision.  J.A. 7–8.  We review the Veterans Court's legal conclusions de novo.  *Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019).

Veterans who served in Vietnam's territorial sea are entitled to a presumption of service connection because the Republic of Vietnam includes both its landmass and its 12 nautical mile territorial sea.  *Procopio v. Wilkie*, 913 F.3d 1371, 1376, 1380–81 (Fed. Cir. 2019) (en banc). This standard is codified in the Blue Water Navy Vietnam Veterans Act of 2019, Pub. L. No. 116-23, 133 Stat. 966, which

defines the boundaries of "offshore" service based on a list of geographical coordinates (i.e., baseline) that represents Vietnam's territorial sea. *See* 38 U.S.C. § 1116A(d).

It is unclear whether the Board applied the correct standard. The Board acknowledged 38 U.S.C. § 1116A provides the standard for presumption of service connection for veterans who served offshore of Vietnam. J.A. 26, 28. However, nowhere in the Board's decision does the Board indicate it measured the 12 nautical mile area from the baseline, as defined in 38 U.S.C. § 1116A(d), rather than from the shoreline of Vietnam. *See* J.A. 23–28. In fact, the Board found Mr. Crawford did not serve in Vietnam's territorial sea because "[a]fter determining each [ship's] location from deck logs and other official records, it was determined by VA's researcher that neither ship was *12 nautical miles or closer to the Vietnam shore*." J.A. 27 (emphasis added).

The government argues this is a "misspeak" by the Board that does not indicate the Board applied the wrong legal standard. Appellee's Br. 19. However, the VA researcher's materials the Board referenced also do not affirmatively articulate the standard as being 12 nautical miles measured from baseline. *See* J.A. 57–65 (citing 38 U.S.C. § 1116A). Based on the record before us, we are unable to conclude the Board applied the appropriate 12 nautical miles from baseline standard articulated in 38 U.S.C. § 1116A(d), rather than a 12 nautical miles from shoreline standard. We therefore vacate this part of the Veterans Court's decision and remand with instructions to the Veterans Court to remand to the Board for clarification on the standard used.

## II.

Before the Board, Mr. Crawford submitted buddy statements from air crew stating they flew him to Da Nang and a graphic showing the USS Hancock was within Vietnam's territorial sea. J.A. 37–40. The Board found Mr.

Crawford was not entitled to presumptive exposure from setting foot in Vietnam because the official naval and military records did not support or corroborate the buddy statements. J.A. 27. The Board therefore placed "low probative value" on those statements. *Id.* The Board also found Mr. Crawford was not entitled to presumptive exposure from serving in Vietnam's territorial sea because it could not validate the source of the graphic, and the plotted data on the graphic was not supported by official deck logs. J.A. 27–28. On appeal, Mr. Crawford argues the Board's findings that he did not set foot in Vietnam or serve in Vietnam's territorial sea are clearly erroneous, and the Board's stated reasons and bases for its findings are inadequate under 38 U.S.C. § 7104(d)(1). Appellant's Br. 34–44.

We lack jurisdiction to review these issues because they involve "a challenge to a factual determination" and "a challenge to a law . . . as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Mr. Crawford's arguments amount to disagreements with how the Board interpreted and weighed the evidence when finding he did not fly to Da Nang via helicopter or serve in Vietnam's territorial sea. Appellant's Br. 36–43; *cf. Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (holding that a challenge to the proper weight of the evidence is a question of fact outside our jurisdiction). Allegedly erroneous findings of fact do not transform into reviewable questions of law under 38 U.S.C. § 7292(a). And Mr. Crawford's argument regarding the adequacy of the Board's stated reasons and bases, in effect, asks us to review factual findings or at best requires application of law to the facts of this case.

## III.

Before the Veterans Court, Mr. Crawford filed a motion to take judicial notice of certain extra-record evidence that purportedly shows the USS Hancock operated within Vietnam's territorial sea. J.A. 66–73. The Veterans Court

denied the motion, explaining the facts in question are subject to reasonable dispute because they relate to the central question of this case—whether Mr. Crawford served in Vietnam's territorial sea. J.A. 2–4. On appeal, Mr. Crawford argues the Veterans Court abused its discretion by denying the motion. Appellant's Br. 28–29.

We lack jurisdiction to review this issue because it involves "a challenge to a law . . . as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(B). Here, the Veterans Court articulated the correct legal standard for taking judicial notice, applied that standard to the facts of this case, and declined to take judicial notice because those facts were in dispute. J.A. 3–4.

### CONCLUSION

We have considered Mr. Crawford's remaining arguments and find them unpersuasive. Accordingly, we vacate and remand with instructions to the Veterans Court to remand to the Board for clarification on the standard used and dismiss the parts of Mr. Crawford's appeal over which we lack jurisdiction.

**VACATED-IN-PART, DISMISSED-IN-PART, AND REMANDED**

### COSTS

No costs.