# United States Court of Appeals for the Federal Circuit

---

**SAMANTHA E. CARR, ROBERT M. CARR,**
*Claimants-Appellants*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2441

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3438, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge Joseph L. Toth.

---

Decided: June 11, 2020

---

SAMANTHA E. CARR, ROBERT M. CARR, Alexandria, VA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, CHEN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

This case is about veterans' educational assistance benefits. Father-daughter appellants Robert and Samantha Carr appeal a decision of the U.S. Court of Appeals for Veterans Claims upholding a mid-semester termination of education benefits Ms. Carr received from her father. Based on a regulation specific to dependents' use of transferred benefits, the Board of Veterans' Appeals had denied Ms. Carr's request to extend her benefits until the end of her school semester. The Veterans Court, however, resolved the appeal purely through statutory interpretation and did not address the transferred benefits regulation. Because we disagree with the Veterans Court's interpretation of the statutes in question, we reverse and remand for consideration of the unaddressed regulatory challenge.

I

Congress provides, through the Department of Veterans Affairs (VA), educational assistance in the form of monetary benefits to veterans under several chapters of title 38, part III, of the U.S. Code. Different chapters contain the distinct benefits programs available based on military service during different eras. For instance, Chapter 34 houses what is known as the Vietnam-era GI Bill, while Chapter 33 houses the Post-9/11 GI Bill. Each chapter's educational assistance program carries distinct benefits and requirements. Chapter 36 ("Administration of Educational Benefits"), as its name suggests, contains overarching administrative provisions that apply across the various chapters. The key provision of Chapter 36 for present purposes is 38 U.S.C. § 3695, which—as will be discussed in greater depth—makes 48 months the maximum "aggregate period" of education benefits a veteran may

receive under two or more identified programs.[1]  38 U.S.C. § 3695(a).  Subsection (a) lists the many programs subject

---

[1]    The full text of § 3695 reads:

Limitation on period of assistance under two or more programs

(a) The aggregate period for which any person may receive assistance under two or more of the provisions of law listed below may not exceed 48 months (or the part-time equivalent thereof):

> (1) Parts VII or VIII, Veterans Regulation numbered 1(a), as amended.

> (2) Title II of the Veterans' Readjustment Assistance Act of 1952.

> (3) The War Orphans' Educational Assistance Act of 1956.

> (4) ***Chapters 30, 32, 33, 34, and 36.***

> (5) Chapters 107, 1606, 1607, and 1611 of title 10.

> (6) Section 903 of the Department of Defense Authorization Act, 1981 (Public Law 96-342, 10 U.S.C. 2141 note).

> (7) The Hostage Relief Act of 1980 (Public Law 96-449, 5 U.S.C. 5561 note).

> (8) The Omnibus Diplomatic Security and Antiterrorism Act of 1986 (Public Law 99-399).

(b) No person may receive assistance under chapter 31 of this title in combination with assistance under any of the provisions of law cited in subsection (a) of this section in excess of 48 months (or the

to the general 48-month cap, including those under Chapters 30, 32, 33, 34, and 36. *Id.* § 3695(a)(4). Subsections (b) and (c) set different parameters for two additional chapters in title 38, part III: veterans with service-connected disabilities receiving training and rehabilitation under Chapter 31 may exceed the 48-month cap to receive additional Chapter 31 benefits with the VA Secretary's permission, *see id.* § 3695(b); and the surviving spouses and dependents of veterans who have died of service-connected disabilities may receive up to 81 months of benefits under Chapter 35 in combination with any of the programs listed in subsection (a), *see id.* § 3695(c).

Mr. Carr served on active duty in the Air Force from 1976 to 1980, thereby earning 45 months of education benefits under Chapter 34 (the Vietnam-era GI Bill), *see id.* § 3461(a). Mr. Carr used 41 months and 11 days of those Chapter 34 benefits for his own education before the entire Chapter 34 program expired, *see id.* § 3462(e) ("No educational assistance shall be afforded any eligible veteran under this chapter or chapter 36 of this title after December 31, 1989."). After the events of September 11, 2001, Mr.

---

part-time equivalent thereof) unless the Secretary determines that additional months of benefits under chapter 31 of this title are necessary to accomplish the purposes of a rehabilitation program (as defined in section 3101(5) of this title) in the individual case.

(c) The aggregate period for which any person may receive assistance under chapter 35 of this title, on the one hand, and any of the provisions of law referred to in subsection (a), on the other hand, may not exceed 81 months (or the part-time equivalent thereof).

38 U.S.C. § 3695 (emphasis added).

Carr returned to active duty as a member of the Air Force Reserves, and would have been eligible for 36 additional months of benefits under Chapter 33 (the Post-9/11 GI Bill), *see id.* § 3312(a)—except that § 3695 limited him to a cumulative total of 48 months, including the 41 months and 11 days already used. *See id.* § 3695(a)(4). Mr. Carr thus earned 6 months and 19 days of Chapter 33 education benefits.

Effective August 1, 2009, Mr. Carr transferred his Chapter 33 benefits to his daughter, as authorized by 38 U.S.C. § 3319. Ms. Carr used some of these benefits to pay for two semesters of approved classes at the University of Nevada in the Spring and Fall of 2010. Due to a VA calculation error, she initially did not receive payments to cover the final days of the Fall 2010 semester and was informed (incorrectly, it turns out) that she had exhausted her benefits.

In August 2013, as Ms. Carr was beginning another semester at the University, it was discovered that she in fact had an additional 19 days of education benefits remaining. Therefore, 18 days of benefit payments were applied retroactively toward the Fall 2010 semester, and one day was applied to the beginning of the Fall 2013 semester. When notified that the benefits were exhausted, Mr. Carr paid the rest of the Fall 2013 semester's tuition. But the Carrs also sought an extension of benefits to the end of the Fall 2013 semester, as authorized by Chapter 33.

Chapter 33 permits end-of-term extensions of education benefits in a roundabout way, incorporating preexisting provisions of Chapter 30, known as the Montgomery GI Bill. Section 3312(a) provides the general Chapter 33 education benefits entitlement. 38 U.S.C. § 3312(a) ("Subject to section 3695 and except as provided in subsections (b) and (c)," an eligible veteran "is entitled to" 36 months of educational assistance). Section 3312(b), governing "[c]ontinuing receipt" of benefits makes their receipt "subject to

the provisions of section 3321(b)(2)." *Id.* § 3312(b). Section 3321(b)(2), in turn, makes 38 U.S.C. § 3031(f)—permitting end-of-term extensions of benefits for Chapter 30 recipients—applicable to Chapter 33 recipients. As incorporated into Chapter 33, § 3031(f)(1) provides:

> If an individual eligible for educational assistance under this chapter is enrolled under this chapter in an educational institution regularly operated on the quarter or semester system and the period of such individual's entitlement under this chapter would, under section [3312], expire during a quarter or semester, such period shall be extended to the end of such quarter or semester.

38 U.S.C. § 3031(f)(1) (altered as directed by § 3321(b)(2)). Thus, when a veteran's Chapter 33 benefits are exhausted during a school semester, the VA must continue to pay benefits until the end of that semester. *See id.* §§ 3031(f), 3312(b), 3321(b)(2). The VA regulation implementing these statutes similarly states:

> If an individual enrolled in an institution of higher learning that regularly operates on the quarter or semester system exhausts his or her entitlement under 38 U.S.C. chapter 33, the effective discontinuance date will be the last day of the quarter or semester in which the entitlement is exhausted.

38 C.F.R. § 21.9635(o)(1).

Ms. Carr sought such an extension from the VA but was denied by the regional office. She then appealed to the Board of Veterans' Appeals, arguing that under § 21.9635, her benefits payments should have continued through the end of the Fall 2013 semester. The Board disagreed, relying on a different subsection of the same regulation, which applies specifically to dependents of veterans:

> (y) *Dependent exhausts transferred entitlement.* The ending date of an award of educational

> assistance to a dependent who exhausts the entitlement transferred to him or her is the date he or she exhausts the entitlement.

38 C.F.R. § 21.9635(y).  The Board reasoned that on August 26, 2013 (the first day of the Fall 2013 semester), Ms. Carr had exhausted the 6 months and 19 days of Chapter 33 education benefits transferred from her father, and under § 21.9635(y), those benefits could not be extended.

A divided three-judge panel of the Veterans Court affirmed the Board's decision.  *Carr v. Wilkie*, 31 Vet. App. 128 (2019).  The Carrs[2] "challenge[d] the validity of 38 C.F.R. § 21.9635(y) and VA's disparate treatment of veterans and dependents to whom benefits have been transferred." *Id.* at 129 n.1.[3]  But the Veterans Court declined to address this question, opting instead to resolve the appeal based on the four statutes described above.  *Id.* The Veterans Court held that § 3695 imposes a strict 48-month cap on benefits that precludes otherwise authorized end-of-term extensions if the extension would result in more than a total of 48 months of benefits.  *Id.* at 134–35.

The panel majority reasoned that the Chapter 33 benefits provided in § 3312(a) were expressly subject to both § 3695's 48-month cap for dual-program beneficiaries and to § 3031(f)(1)'s end-of-term extension provision.  *Id.* at 132; *see* 38 U.S.C. § 3312(a) ("*Subject to* section 3695 *and* except as provided in subsection[] (b)," which incorporates § 3031(f)(1) as described above, an eligible veteran is entitled to 36 months of benefits. (emphasis added)).  But it perceived an "apparent conflict" between § 3695 and § 3031(f)(1), with the former unequivocally capping benefits at 48 months and the latter extending benefits

---

[2]     Mr. Carr was allowed to intervene in the appeal.
[3] The parties' submissions to the Veterans Court do not appear in the record.

whenever they expire during the semester.  31 Vet. App. at 131–32.  In the panel majority's view, the two sections could coexist only if § 3031(f)(1) "holds to its lane" operating only within its individual, program-specific chapter—and not as an "exception" to § 3695.  *Id.* at 134.

The majority read subsections (b) and (c) as the only two "express exceptions" to § 3695's 48-month aggregate cap.  *Id.* at 133.  Because Congress did not also carve out an exception for end-of-term extensions, and because § 3031(f)(1) does not refer to § 3695, the majority concluded that Congress did not intend § 3031(f)(1) to serve as an exception to § 3695.  *Id.* at 133–34.  As shown by its placement within a program-specific chapter, rather than in Chapter 36's general administration scheme, § 3031(f)(1) "applied only within the particular chapter in which it was placed and was not intended to override" § 3695's multichapter governance provisions.  *Id.* at 134.  "Under the [Veterans] Court's reading, § 3031(f)(1) and § 3695 function in unison, with the former serving as an exception to the 36-month limitation of benefits and the latter imposing a 48-month cap on the back end for dual-program recipients." *Id.* at 135.

In contrast, dissenting Judge Pietsch did not view § 3031(f)(1) and § 3695 as conflicting at all.  *Id.* at 135–37.  She saw § 3695(a) as restricting benefits awards to no more than 48 months, and § 3031(f)(1) instructing that when those 48 months end mid-semester, payments will continue until the end of the term.  *Id.* at 136–37.  Noting that § 3695 applies broadly to programs both within and beyond title 38, Judge Pietsch found no indication that § 3695 should silently terminate end-of-term extensions that are both unique to and "a recurring feature of title 38 part III." *Id.* at 137.  Without a clear statement to that effect, and given the court's duty to resolve close interpretive questions in the veteran's favor, she would have held that benefits continue until the end of the semester in which a dual-program beneficiary reaches the 48-month cap.  *Id.* at 138.

The Veterans Court denied the Carrs' requests for panel reconsideration and full-court review. *Carr v. Wilkie*, No. 16-3438, 2019 WL 3083084 (Vet. App. July 16, 2019). The Carrs appeal, representing themselves as they have throughout the VA proceedings.

## II

We have jurisdiction to review a decision of the Veterans Court "on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We may review "any challenge to the validity of any statute or regulation or any interpretation thereof" and we may "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c); *see Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019). We review the Veterans Court's statutory interpretation de novo. *Sucic*, 921 F.3d at 1098.

The Carrs present two arguments on appeal: that the Veterans Court incorrectly interpreted § 3695, and that 38 C.F.R. § 21.9635(y) is invalid. We begin with the statutory interpretation question, as it is the only issue we presently have jurisdiction to resolve.

As always, we start with the text of the statutes at issue. *See Mulder v. McDonald*, 805 F.3d 1342, 1345 (Fed. Cir. 2015) ("Statutory interpretation begins with the words of the statute." (citing *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002))). Although sections 3031(f)(1) and 3695 might seem to tug in opposite directions, they can be harmonized without turning § 3695 into a ban on end-of-term extensions for multi-program beneficiaries.

Section 3312—which indirectly incorporates § 3031(f)(1) extensions into Chapter 33—provides, as relevant:

Educational assistance: duration

(a) In general.—*Subject to section 3695 and except as provided in subsections (b)* and (c), an individual entitled to educational assistance under this chapter *is entitled to* a number of months of educational assistance under section 3313 equal to 36 months.

(b) Continuing receipt.—The receipt of educational assistance under section 3313 by an individual entitled to educational assistance under this chapter is subject to the provisions of section 3321(b)(2) [and, by extension, § 3031(f)(1)].

38 U.S.C. § 3312 (emphasis added).[4]  We agree with the Veterans Court majority that § 3312 plainly makes Chapter 33 benefits simultaneously "[s]ubject to" both the § 3695 aggregate cap and § 3031(f)(1) extensions.  *Id.* § 3312(a); *see id.* § 3312(b) (incorporating § 3031(f)(1) through reference to § 3321(b)(2)).  But being "[s]ubject to section 3695" does not necessarily mean being subject to § 3695 "on the back end," as the Veterans Court majority assumed, *Carr*, 31 Vet. App. at 135.  It seems to us far more natural, and more consistent with congressional prerogatives, to read § 3695 as operating on the "front end" (so to speak) to calculate the number of days of education benefits to which a veteran is entitled.

Section 3695(a) states:  "The aggregate period for which any person may receive assistance under two or more of the [identified] provisions of law . . . may not exceed 48 months (or the part-time equivalent thereof) . . . ."  Although § 3695 speaks in terms of "receiv[ing] assistance," that does not mean that it dictates the day on which benefits payments must cease.  In our view, § 3695 simply means that a veteran may not receive an award of benefits

---

4    Subsection (c) regarding discontinuation of education for recipients entering active duty is not relevant here.

under a subsequent program that would result in her being able to use greater than 48 months of benefits overall.  *See Davenport v. Principi*, 16 Vet. App. 522, 527 (2002) ("[T]he plain language of section 3695(a) prohibits *the award* of benefits for an aggregate period of more than 48 months for education benefits . . . ." (emphasis added)).  That is, § 3695 defines the maximum allowable benefit period—while leaving the precise termination date to be determined by the operative benefit-providing chapter.

Indeed, this is how the VA seems to have used § 3695 in Mr. Carr's case.  The Board of Veterans Appeals noted that Mr. Carr "was entitled to a total of 48 months of educational benefits"; he previously completed 41 months and 11 days of the benefits under Chapter 34; and he "[c]onsequently, . . . had 6 months and 19 days of entitlement left to transfer" to Ms. Carr.  Supplemental Appendix 16, 19.  In denying Ms. Carr's appeal, the Board cited § 3695 just once, to establish the number of days of benefits her father "had" on the date that he transferred those benefits to her.  *Id.* at 20–21.

A parallel provision of Chapter 34 (the Vietnam-era GI Bill) supports our reading.  In language mirroring that of § 3695(a), Chapter 34 caps its single-program benefits at 45 months:  "Except as provided in subsection (b) . . . , no eligible veteran *shall receive* educational assistance under this chapter *in excess* of 45 months."  38 U.S.C. § 3461(c) (emphasis added); *cf.* 38 U.S.C. § 3695(a) ("The aggregate period for which any person *may receive* assistance under two or more of the [identified] provisions of law . . . *may not exceed* 48 months . . . ." (emphasis added)).  Despite this seemingly strict language, however, section 3461(b) equally forcefully requires end-of-term extensions.  38 U.S.C. § 3461(b) ("Whenever the period of entitlement under this section of an eligible veteran who is enrolled in an educational institution regularly operated on the quarter or semester system ends during a quarter or semester, such period shall be extended to the termination of such

unexpired quarter or semester."). Thus, Congress has not viewed placing a cap on *receiving* benefits as inconsistent with extending benefits beyond that capped duration.

Of course, a notable textual difference between § 3461 and § 3695 is that § 3461 explicitly states its exception for end-of-term extensions. *See id.* § 3461(c). The Veterans Court majority placed heavy weight on the absence of this sort of end-of-term extension exception from § 3695. We find this silence less telling.

First, we disagree with the Veterans Court majority's characterization of § 3695(b) and § 3695(c) as "express exceptions" to the 48-month cap established in § 3695(a). *Carr*, 31 Vet. App. at 133, 135. The statute does not demarcate subsections (b) or (c) as "exceptions." And both subsections simply set different parameters for benefits combined with chapters *not* listed in subsection (a) as subject to the 48-month cap. *See* 38 U.S.C. § 3695(b) (aggregate cap for Chapter 31), (c) (aggregate cap for Chapter 35); *see also id.* § 3695(a)(4) (not identifying Chapters 31 or 35).

Subsections (b) and (c) may be confused for exceptions because subsection (a) states a rule that applies to a greater number of programs, but they do not describe scenarios in which subsection (a)'s 48-month cap does not apply within the *covered* programs. Thus, the presence of subsections (b) and (c) does not make it odd for Congress to have omitted an exception for end-of-semester extensions provided under individual programs that *are* listed in subsection (a).

Second, unlike the individual benefits program chapters, Chapter 36 itself is not a source of veterans benefits. There is no such thing as "Chapter 36 benefits." Rather, Chapter 36 provisions like § 3695 sit above and apply across the chapter-specific programs, which each contain varied benefits accrual, duration, and termination provisions. As Judge Pietsch noted, § 3695 also addresses a wide array of programs beyond part III of title 38. *See*

§ 3695(a)(1), (2), (5)–(8).[5]  In such a scheme, it makes sense that the drafters of § 3695 would leave the details of termination timing to the programs that were providing benefits in the first place.[6]

In fact, in its original form, the aggregate multi-program cap currently found in § 3695 did contain an exception for end-of-term extensions.  When the Vietnam-era GI Bill was enacted in 1966 (codified in the newly created Chapter 34), it contained a 36-month aggregate cap on receipt of education benefits under Chapter 34 in combination with education and training received under other programs, including Chapters 31, 33 (then containing education benefits for Korean Conflict Veterans), and 35.  *See* Veterans' Readjustment Benefits Act of 1966, Pub. L. No. 89-358, § 2, 88 Stat. 12, 13–14 (1966).  As codified in then 38 U.S.C. § 1661, subsection (b) stated:

> *Except as provided in subsection (c)*, in no event shall an eligible veteran receive educational assistance under this chapter for a period which, when combined with education and training received under any or all of the laws listed below, will exceed thirty-six months[.]

38 U.S.C. § 1661(b) (Supp. II 1964) (emphasis added).  In turn, subsection (c) required end-of-term extensions

---

[5]  We note that many of the referenced provisions have long-since been repealed.

[6]  Chapters 31 (Vocational Rehabilitation) and 32 (Post-Vietnam Era Veterans' Educational Assistance Program) do not provide end-of-term extensions, while Chapters 30, 33, 34, and 35 do.  *See* 38 U.S.C. § 3031(f)(1) for Ch. 30; 38 U.S.C. §§ 3312(b), 3321(b)(2), 3031(f)(1) for Ch. 33; 38 U.S.C. § 3461(b) for Ch. 34; and 38 U.S.C. §§ 3511(b), 3512(a)(7) for Ch. 35.

"[w]henever the period of entitlement . . . ends during a quarter or semester." *Id.* § 1661(c) (Supp. II 1964).

In 1968, Congress moved § 1661(b)'s aggregate cap from Chapter 34 to the new overarching Chapter 36 and increased the cap to 48 months. *See* Act of Oct. 23, 1968, Pub. L. No. 90-631, § 1(b), § 1(d)(1), 82 Stat. 1331, 1331 (1968) (enacting 38 U.S.C. § 1791 as a new section in Ch. 36). When it did so, however, it left the program-specific end-of-term extension provision where it sat in § 1661, simply redesignating it from subsection (c) to (b). *See id.*; 38 U.S.C. § 1661(b) (Supp. IV 1964) (currently codified at 38 U.S.C. § 3461(b)). The new multi-program 48-month aggregate cap provision, at its new post in Chapter 36, no longer included the introductory exception for end-of-term extensions:

> The aggregate period for which any person may receive assistance under two or more of the [identified programs, including Chapters 31, 34, 35, and the former chapter 33] . . . may not exceed forty-eight months . . . .

38 U.S.C. § 1791 (Supp. IV 1964). Through subsequent renumbering and amendments, the almost identical language now appears in § 3695(a).

The government argues that by leaving the extensions exception in Chapter 34 instead of carrying it into Chapter 36, Congress intended to allow the VA to use end-of-term extensions to exceed program-specific caps but not to exceed the multi-program maximum. We are unwilling to assume such anomalous treatment without a clearer expression of intent. The separation of the multi-program maximum provision from the end-of-term extension provision during the 1968 transplant paints a murky picture of congressional intent. While it could support the government's position, it could just as well reflect that Congress was aware that certain chapters contained end-of-term

extension provisions[7] and therefore deemed it unnecessary to repeat them—especially in a section also governing programs that did not authorize end-of-term extensions.

If anything is to be drawn from this legislative history, it is that Congress did not clearly state how the aggregate cap should affect the availability of end-of-term extensions. The lack of a clear statement in § 1791 (now codified at § 3695) that then-existing program-specific end-of-term extensions *must be* cut off when they run past the end of the 48th month confirms our suspicion that the aggregate cap was intended to inform the initial benefits duration entitlement calculation—not the termination date.

Perhaps the clearest confirmation that § 3695 applies to the initial entitlement calculation is found in the way the programmatic chapters refer to it. Section 3312, which kicks off the chain of incorporating § 3031(f)(1)'s end-of-term exceptions for Chapter 33, mentions § 3695 only in subsection (a), establishing the general 36-month durational entitlement. *See* 38 U.S.C. § 3312(a) ("Subject to section 3695 and except as provided in subsections (b) and (c)," an eligible veteran "is entitled to" 36 months of educational assistance.). In fact, whenever the phrase "[s]ubject to section 3695" appears in part III of title 38, it is part of a statement of benefits *entitlement*. *See* 38 U.S.C. § 3013(a)(1), (a)(2), (b), (c)(1), (c)(2), (c)(3), (d) (all providing Chapter 30 benefits entitlement calculations); *id.* § 3231(a)(1) ("Subject to the provisions of section 3695 . . . , a participant shall be *entitled to* a maximum of 36 monthly benefit

---

[7]    When the aggregate cap moved to Chapter 36 in 1968, Chapters 34, 35, and the former Chapter 33 (repealed but still governing benefits for some veterans) required such extensions in certain circumstances. *See* 38 U.S.C. § 1611(b) (1964) (Chapter 33); 38 U.S.C. § 1661(b) (Supp. IV 1964) (Chapter 34); 38 U.S.C. § 1711(b)(2) (Supp. IV 1964).

payments . . . ." (emphasis added)) (Chapter 32 Post-Vietnam Era entitlement); *id.* § 3312(a) (Chapter 33).

We see no definitive intent that Congress meant for the § 3695 aggregate cap to apply beyond the initial entitlement calculation to dictate the benefits termination date nor has the government directed us to any VA interpretations of § 3695 that might call for *Chevron* deference. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 842–44 (1984) (holding that where a statute is ambiguous, courts may not substitute their own statutory construction for an agency's reasonable interpretation); *Heino v. Shinseki,* 683 F.3d 1372, 1375–80 (Fed. Cir. 2012) (applying *Chevron* to uphold VA's statutory interpretation). Without a clear indication that Congress wished to impose the harsh consequence of automatic mid-semester benefits termination for multi-program beneficiaries, we hold that § 3695's aggregate cap applies only to the initial entitlement calculation.

The government briefly defends the Veterans Court's decision on its stated reasoning but also urges affirmance because, it argues, Chapter 33 does not actually authorize an end-of-term extension for Ms. Carr since she has not exhausted a full 36 months' worth of Chapter 33 benefits—having received only 6 months and 19 days of benefits from her father. In the government's view, because Ms. Carr's benefits period ran into § 3695's aggregate cap, and not into § 3312(a)'s 36-month single-program cap, the Chapter 33-specific extension provisions of §§ 3031(f)(1) and 3321(b)(2) "are irrelevant to this case." Appellee's Informal Br. 11–12. We disagree. No matter which section established the duration of benefits available for Mr. Carr to transfer to Ms. Carr in 2009, their entitlement to those benefits unquestionably stemmed from Chapter 33. Ms. Carr was thus "eligible for educational assistance under [Chapter 33]"; her "period of . . . entitlement . . . expire[d] during a quarter or semester"; so, absent any barriers from external provisions, her benefits period would have to "be

extended to the end of such quarter or semester." 38 U.S.C. § 3031(f)(1). Ms. Carr exhausted all of the Chapter 33 benefits available to her. That is all that is required to invoke Chapter 33's end-of-term extension provision.

## III

As the Carrs recognize, our agreement with them on the statutory interpretation question does not resolve their case. The transferred benefits regulation, 38 C.F.R. § 21.9635(y) (2015), if valid, still blocks Ms. Carr from receiving an end-of-term extension of benefits, since she is a dependent benefit transferee. *See id.* ("The ending date of an award of educational assistance to a dependent who exhausts the entitlement transferred to him or her is the date he or she exhausts the entitlement.").

We lack jurisdiction in this appeal to decide the validity of § 21.9635(y). The Veterans Court explicitly did not address the Carrs' regulatory challenge, *see Carr*, 31 Vet. App. at 129 n.1, and it did not rely on § 21.9635(y) to reach its decision. *See* 38 U.S.C. § 7292(a) (providing jurisdiction to review a decision of the Veterans Court "on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . *that was relied on* by the Court in making the decision" (emphasis added)). And resolving the issue in the Carrs' favor would not have changed the outcome of the Veterans Court's decision because it found § 3695 barred all extensions past the 48-month mark. *See Cromer v. Nicholson*, 455 F.3d 1346, 1348–49 (Fed. Cir. 2006) (stating that § 7292(a) permits review of Veterans Court decisions "on a rule of law," even where that rule of law was not relied on by the Veterans Court, "so long as 'the decision below regarding a governing rule of law would have been altered by adopting the position being urged'" (quoting *Morgan v. Principi*, 327 F.3d 1357, 1361, 1363 (Fed. Cir. 2003))); *see also Guillory v. Shinseki*, 669 F.3d 1314, 1318 (Fed. Cir. 2012). Accordingly, we leave it for the Veterans

Court to decide on remand whether § 21.9635(y) is invalid due to its disparate treatment of dependents and veterans.

We have considered the parties' remaining arguments but find them unpersuasive. Because 38 U.S.C. § 3695(a)'s aggregate multi-program benefits cap does not preclude end-of-term extensions of benefits authorized under individual benefits programs, we reverse the contrary judgment of the Veterans Court. The case is remanded for consideration of the remaining challenge to the transferred benefits regulation.

**REVERSED AND REMANDED**