# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-3438

SAMANTHA E. CARR, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

ROBERT M. CARR, INTERVENOR

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided February 19, 2021)

*Samantha E. Carr*, *pro se.*

*Meghan Flanz*, Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; *Selket N. Cottle*, Deputy Chief Counsel; and *Sara W. Fusina*, Senior Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

*Robert M. Carr*, *pro se*, as intervenor.

Before BARTLEY, *Chief Judge*, and PIETSCH and TOTH, *Judges*.

TOTH, *Judge*: Air Force veteran Robert Carr transferred a portion of his 48 months of education benefits to his daughter, Samantha Carr, so that she could pay for her college tuition. After she used these benefits to pay for two semesters, Ms. Carr began the fall 2013 semester with a single day of entitlement remaining. Invoking 38 C.F.R. § 21.9635(o), she sought to extend her benefits until the end of the semester, but the Board determined that subsection (y) of that regulation prohibited a transferee from receiving an extension—even though a veteran in the same situation would be entitled to one.

Ms. Carr brought this appeal to challenge the validity of § 21.9635(y), arguing that it is inconsistent with its authorizing statute, 38 U.S.C. § 3319. We didn't reach that question in our initial decision because we concluded that 38 U.S.C. § 3695 prevented anyone—veteran or dependent—from receiving benefits in excess of 48 months. The Federal Circuit reversed our decision, however, interpreting the phrase "may receive" as referring not to the amount of benefits a person *may receive,* but as a baseline limit on entitlement to benefits when combined under more

than one chapter. *See Carr v. Wilkie*, 961 F.3d 1168, 1176 (Fed. Cir. 2020), *rev'g* 31 Vet.App. 128 (2019). Under such reading, a person may receive benefits exceeding 48 months, notwithstanding section 3695's express prohibition.

With this clarified, the regulatory question is now squarely before us. Finding that the regulation is not consistent with section 3319, the Court sets aside § 21.9635(y) and remands the case for VA to determine the amount of benefits to which Ms. Carr is entitled.

## I. BACKGROUND

Veterans can earn up to 45 months of entitlement to educational benefits under chapter 34 and up to 36 months of entitlement under chapter 33. *See* 38 U.S.C. §§ 3461(a), 3312(a). When a veteran receives benefits from more than one chapter, section 3695(a) caps at 48 months the total amount of benefits that a single veteran may receive from a combination of educational programs. Veterans who earn benefits under chapter 33 are also afforded an extension provision. *See* 38 U.S.C. § 3312 (cross-referencing 38 U.S.C. § 3031(f)). If a veteran uses up chapter 33 entitlement during the course of a semester, VA will continue to provide financial assistance until the end of that semester. *See* 38 C.F.R. § 21.9635(o) (2020).

Mr. Carr earned 45 months of educational benefits under chapter 34 and personally used 41 months and 11 days of this entitlement. He returned to active duty in 2007 and would have been eligible to earn up to 36 months of additional benefits under chapter 33, but section 3695 limited his total accumulation of educational assistance benefits to 48 months. Mr. Carr's second round of active duty thus earned him 6 months and 19 days of educational benefits under chapter 33.

In 2009, Mr. Carr transferred his entitlement to benefits under chapter 33 to his daughter Samantha. *See* 38 U.S.C. § 3319 (authorizing the transfer of unused benefits to a spouse or children). Ms. Carr used a portion of these transferred benefits to pay for her classes at the University of Nevada in the spring and fall of 2010. After a calculation error was discovered in August 2013, VA determined that she had an additional 19 days of eligibility, 18 of which were applied retroactively to pay for the remainder of her fall 2010 semester.

When all settled, Ms. Carr had a single day of entitlement remaining. She applied this to the first day of classes in the fall 2013 semester and then sought to extend her transferred benefits under the regulation implementing the chapter 33 extension provision, which states: "If an individual enrolled in an institution of higher learning that regularly operates on the quarter or

semester system exhausts his or her entitlement under 38 U.S.C. chapter 33, the effective discontinuance date will be the last day of the quarter or semester in which the entitlement is exhausted." 38 C.F.R. § 21.9635(o).

In a 2016 decision, the Board denied Ms. Carr's extension request. It concluded that, rather than subsection (o), subsection (y) governed the case. The latter specifies that the "ending date of an award of educational assistance to a dependent who exhausts the entitlement transferred to him or her is the date he or she exhausts the entitlement." 38 C.F.R. § 21.9635(y). Ms. Carr promptly appealed the Board's decision, challenging the validity of § 21.9635(y).

This Court, in a precedential decision, found it unnecessary to consider the regulation to resolve Ms. Carr's appeal. Instead, we held that section 3695's 48-month cap on the receipt of educational assistance benefits earned under two or more chapters precluded Ms. Carr's requested extension. *Carr*, 31 Vet.App. at 134-35; *see* 38 U.S.C. § 3965(a) (stating that "the aggregate period for which any person may receive assistance under two or more [chapters] may not exceed 48 months"). We reasoned that section 3695, subject to the two exceptions listed in the statute, prevented any individual from receiving more than 48 months of these benefits.

On appeal, the Federal Circuit reversed, interpreting the phrase "may receive" as referring only to an initial calculation of a veteran's entitlement and not to the amount of benefits that a person may, in fact, receive. It then concluded that the statute does not preclude an individual, who has accumulated and used a total of 48 months of educational benefits from a combination of chapters, from receiving an extension in benefits until the end of a semester. *Carr*, 961 F.3d at 1173. Because we did not address the appellant's regulatory challenge in our previous decision, the Federal Circuit determined that it lacked jurisdiction to address the issue and remanded the case to this Court with instructions to assess the validity of § 21.9635(y). *Id.* at 1176-77.

## II. ANALYSIS

This Court has the authority to "hold unlawful and set aside" regulations that are "in excess of statutory jurisdiction, authority, or limitations" to the extent such action is necessary to decide a given case. 38 U.S.C. § 7261(a)(3)(C). To the extent a regulation contradicts or is inconsistent with a statute, it is invalid. *See Crumlich v. Wilkie*, 31 Vet.App. 194, 203 (2019).

Ms. Carr argues that VA's regulation is invalid because it treats veterans and dependents differently and so conflicts with its enabling statute. Specifically, Ms. Carr contends that, by

discontinuing her educational assistance benefits immediately upon her exhaustion of entitlement, § 21.9635(y) prevents her from using her educational benefits in the same manner as a similarly situated veteran, thus violating the authorizing statute for the regulation, 38 U.S.C. § 3319(h)(2). Section 3319 is the only authority cited for subsection (y). *See* 74 Fed. Reg. 14,654, 14,684 (March 31, 2009). On this basis, Ms. Carr has requested that the Court declare subsection (y) invalid as inconsistent with the law enacted by Congress.

Subsection 21.9635(y) reads: "The ending date of an award of educational assistance to a dependent who exhausts the entitlement transferred to him or her is the date he or she exhausts the entitlement." Significantly, § 21.9635 distinguishes between the date on which entitlement to educational benefits is exhausted and the date on which those benefits are discontinued. The date of exhaustion is the day on which the initial grant of months of educational benefits runs out. *See Carr*, 961 F.3d at 1171. In contrast, a discontinuance date, as that term is used in the regulatory scheme, refers to the date on which VA stops sending payments to the individual or the educational institution. *See* 38 C.F.R. § 21.9635(o).

Technical complexities aside, what's significant here is that § 21.9635(y) imposes a potential limitation on benefits to dependents that does not apply to veterans. The question, then, is whether this limitation conflicts with 38 U.S.C. § 3319. To address that question, we begin with the text of the statute. *See Cameron v. Wilkie*, 32 Vet.App. 281, 284 (2020).

Enacted in 2008, 38 U.S.C. § 3319 allows certain veterans to transfer their existing entitlement to educational assistance benefits. It creates a basic structure for the transfer of benefits, establishes who may transfer and receive them, and places certain limitations on the amount of benefits that can be transferred. 38 U.S.C. § 3319(a)-(f). It also authorizes the Secretaries of Defense and Veterans Affairs to promulgate regulations to implement this scheme. 38 U.S.C. § 3319(j).

Subsection (h) of the statute addresses several "[a]dditional administrative matters." 38 U.S.C. § 3319(h). Importantly, subsection (h) provides that "in the case of entitlement transferred to a child under this section, the child is entitled to educational assistance under this chapter in the same manner as the individual from whom the entitlement was transferred as if the individual were not on active duty." 38 U.S.C. § 3319(h)(2)(A). Subsection (h)'s mandate that child-transferees are entitled to benefits "in the same manner" as veterans is subject to three caveats. First, transferred entitlement may only be used to pursue "the requirements of a secondary

school diploma (or equivalency certificate)." 38 U.S.C. § 3319(h)(6). Second, the statute provides that the transferor must "designate the number of months of such entitlement to be transferred to each such dependent." 38 U.S.C. § 3319(e)(2). Finally, child-transferees generally must use the benefits within a certain period and before they reach a certain age. 38 U.S.C. § 3319(h)(5). These exceptions are not relevant here.

The phrase "in the same manner" is not defined by the statute. In such circumstances, we presume the term bears its ordinary meaning. *Moody v. Wilkie*, 30 Vet.App. 329, 336 (2018). At the time that section 3319 was adopted in 2008, "same" was defined as "identical with what is about to be or has just been mentioned" and "manner" meant "a way of doing, being done, or happening; mode of action [or] occurrence." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1169, 1697 (2d ed. 2001); *accord* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 1376, 2007 (1971). These definitions plainly indicate that section 3319(h)(2)'s "in the same manner" language requires educational assistance benefits to be provided to veterans and their child-transferees in an identical way. Thus, if a veteran is entitled to a discontinuance date for benefits that is later than the date those benefits are exhausted, then so is the veteran's transferee.

Particularly relevant for our task, the phrase is used elsewhere in title 38, and its ordinary meaning has previously been interpreted by the Federal Circuit. Where Congress includes the same phrase in separate, but related statutes, the Court presumes that the phrase is to be given a consistent meaning. *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990).

Take, for example, 38 U.S.C. § 1151(a), which provides compensation for veterans who are harmed as a result of improper medical care or rehabilitation services provided by the Secretary. The statute states that compensation "shall be awarded for a qualifying additional disability or a qualifying death of a veteran in the same manner as if such additional disability or death were service-connected." 38 U.S.C. § 1151(a). In *Seymour v. Principi*, 245 F.3d 1377 (Fed. Cir. 2001), the appellant was a surviving spouse who sought to continue pursuing a section 1151 claim that her husband had opened before his death. Despite the established rule that a veteran's disability compensation claim dies with the veteran, Mrs. Seymour argued that her late husband's

5

disability claim under section 1151 ought to survive his death.* *Id*. at 1378. But the Federal Circuit rejected that argument. The court reasoned that section 1151's "in the same manner" language meant that a veteran's claim under that section should be treated as a veteran's disability compensation claim would be under the same circumstances. Thus, a section 1151 claim would not survive the veteran's death either. *Id*. at 1380. In other words, when Congress instructs that a benefit be provided in the same manner as another, the limitations or protections accompanying the latter benefit must be applied to the former. Analogously, when Congress instructs that a benefit be provided to one type of recipient in the same manner as another type of recipient, the limitations and protections of the benefit must be applied to both types in an identical way.

It is clear that, under section 3319(h)(2), a veteran who exhausts entitlement to educational assistance benefits under chapter 33 during a semester is entitled to an extension of benefit payments until the end of that semester. *See Carr*, 961 F.3d at 1171 ("[W]hen a veteran's chapter 33 benefits are exhausted during a school semester, the VA must continue to pay benefits until the end of that semester."). It is equally clear that, under the regulation, a child-transferee who exhausts entitlement to educational assistance benefits under chapter 33 during a semester is *not* entitled to an extension until the end of the semester. 38 C.F.R. § 21.9635(y). Denying Ms. Carr the right to an extension of educational assistance until the end of the term in circumstances where her father (the veteran) would have received it is not providing entitlement to the benefits "in the same manner as the individual from whom the entitlement was transferred." 38 U.S.C. § 3319(h)(2)(A).

Because § 21.9635(y) prevents transferees from using the statutory extension provision enjoyed by veterans (as recognized in § 21.9635(o)), § 12.9635(y) arbitrarily restricts the manner in which a transferee is entitled to educational assistance benefits. Therefore § 21.9635(y)'s exhaustion provision conflicts with subsection (h)(2) of its authorizing statute and is invalid. *See Staab v. McDonald*, 28 Vet.App. 50, 55 (2016) (invalidating a VA regulation that was inconsistent with its authorizing statute).

The Secretary argues that § 21.9635(y) is required by section 3319. That statute states: "The total number of months of entitlement transferred by a[n] individual under this section may not exceed 36 months. The Secretary of Defense may prescribe regulations that would limit the

---

* This is no longer the rule. Following the enactment of 38 U.S.C. § 5121A, a compensation claim can survive a veteran when a qualified accrued-benefits claimant timely seeks and is allowed to be substituted in the matter. *See Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of VA*, 809 F.3d 1359, 1361 (Fed. Cir. 2016).

months of entitlement that may be transferred under this section to no less than 18 months." 38 U.S.C. § 3319(d). The Secretary contends that, by prohibiting dependents from using § 21.9635(o)'s extension provision, subsection (y) prevents a child-transferee who received a small amount of educational benefits from "carving into the veteran's educational benefits without consent." Secretary's Br. at 9. That is, § 21.9635(y) "stops a dependent from exceeding the 36-month limit on transferred benefits imposed by" 3319(d). *Id.* We do not find this argument persuasive.

The Secretary assumes that if a child-transferee invokes § 21.9635(o) to extend her educational assistance benefits, the extension period—that is, the time between the exhaustion date and the discontinuance date—would be charged against the veteran who transferred the entitlement. We see no basis for this assumption. Section 21.9635(o) provides *additional* educational assistance payments to individuals who have exhausted their entitlement to benefits. By definition, a veteran invoking § 21.9635(o) does not have any entitlement to chapter 33 benefits remaining. It would be nonsensical to say that a veteran using educational assistance benefits extended under § 21.9635(o) depletes such an individual's entitlement to educational benefits. And since section 3319(h)(2)(A) says that a child-transferee is entitled to educational assistance benefits "in the same manner" as the transferor, we see no reason why such benefits extended under § 21.9635(o) for a child-transferee should be charged against a veteran. Section 3319(d) only limits the "total number of months *transferred* by an individual under [section 3319]." 38 U.S.C. § 3319(d) (emphasis added). But § 21.9635(o) does not transfer entitlement from veterans to their dependents; instead, § 21.9635(o) provides additional benefits from VA to individuals who exhaust their benefits during the course of a quarter or a semester. Applying § 21.9635(o) to child-transferees does not undermine veterans' ability to control how many months of entitlement they transfer, and it does not implicate section 3319(d)'s 36-month cap.

Accordingly, § 21.9635(y) is invalid to the extent that it bars a dependent who exhausts entitlement to chapter 33 educational assistance benefits during a semester from getting an extension on those benefits until the semester's end.

## III. CONCLUSION

Accordingly, 38 C.F.R. § 21.9635(y) is SET ASIDE, and the July 14, 2016, Board decision is VACATED and the matter is REMANDED for VA to determine the amount of benefits owed to Ms. Carr for the fall 2013 semester.